**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4689**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICARDO CARTER, II,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge.  (8:19-cr-00121-PJM-1)

Submitted:  March 16, 2023                          Decided:  March 20, 2023

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** Stephen J. van Stempvoort, MILLER JOHNSON, Grand Rapids, Michigan, for Appellant.  Kelly O. Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo Carter, II, pled guilty, pursuant to a written plea agreement, to bank fraud, in violation 18 U.S.C. § 1344, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). The district court sentenced Carter to 87 months' imprisonment and a five-year term of supervised release. On appeal, Carter's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Carter's guilty plea based on ineffective assistance of counsel, the procedural and substantive reasonableness of Carter's sentence, the court's application of an enhancement for obstruction of justice, and whether the court erred in ordering both forfeiture and restitution. In a pro se supplemental brief, Carter reasserts three of these claims. The Government has moved to dismiss the appeal pursuant to the appeal waiver contained in Carter's plea agreement. We deny the Government's motion to dismiss, affirm Carter's convictions, vacate his sentence and remand for resentencing.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Upon review of the record, including the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Carter's appeal waiver is valid and enforceable. The waiver provision, however, does not preclude our review of the validity of the guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018).

2

Because Carter did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Our review of the record leads us to conclude that Carter entered his guilty plea knowingly and voluntarily and that a factual basis supported the plea. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Although Carter's ineffective assistance claim relating to his guilty plea falls outside the scope of the appeal waiver, "we will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because the present record does not conclusively show that trial counsel rendered ineffective assistance, Carter's claim is not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). Accordingly, we affirm Carter's convictions.

However, in accordance with *Anders*, we have found a meritorious issue that falls outside the scope of Carter's appeal waiver and requires us to vacate his sentence and remand for resentencing. Specifically, one of the non-mandatory conditions of supervised release included in the written criminal judgment was not orally pronounced at sentencing.

We review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). While a district court need not orally pronounce all mandatory conditions at the sentencing hearing, "all non-mandatory conditions of

3

supervised release must be announced at a defendant's sentencing hearing," either by separately announcing each discretionary condition or by "expressly incorporating a written list of proposed conditions." *Id.* at 296, 299.

In pronouncing the terms of Carter's supervised release at sentencing, the district court did not orally impose the special condition of supervised release requiring Carter "to provide the probation officer with access to any requested financial information and authorize the release of any financial information." In *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021), we explained that a challenge to discretionary supervised release terms that were not orally pronounced at sentencing falls outside the scope of an appeal waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have not been 'imposed' on the defendant." *Id.* at 345 (emphasis omitted).  Where, as here, the court failed to announce a non-mandatory condition of supervised release that is later included in the written judgment, the remedy is to vacate the sentence and remand for a full resentencing hearing.[*] *Id.* at 346 & n.4.

In accordance with *Anders*, we have reviewed the record in its entirety, and we have found no other meritorious issues for appeal outside the scope of the waiver.  Accordingly, we deny the Government's motion to dismiss the appeal, affirm Carter's convictions, vacate his sentence, and remand for resentencing.

---

[*] Because we vacate Carter's sentence, we do not consider any other issues related to the sentence, including Carter's challenges to the restitution and forfeiture ordered.  *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to original sentence).

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*